F. Wallace POPE, Jr., as an individual plaintiff, and as a representative of a proposed class, Plaintiff,

v.

CITY OF CLEARWATER, a municipal corporation, Defendant.

No. 90–1062–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

July 12, 1991.

John Alan Schaefer, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, Fla., for plaintiff.

Milton Alvin Galbraith, Jr., City Atty.'s Office, Clearwater, Fla., for defendant.

## ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the court on Defendant's motion to dismiss all Counts of the complaint and the response thereto. Defendant's motion alleges: 1) Plaintiff's action is barred by 28 U.S.C. Section 1342, the "Johnson Act", 2) Plaintiff has failed to state a substantial federal question, 3) Plaintiff has failed to allege a protected property interest which must be present to assert violations of due process, 4) Plaintiff has not made a sufficient distinction between similarly situated persons to support an equal protection claim, and 5) Plaintiff's action is premature as Plaintiff has failed to exhaust his administrative remedies.

The following facts are assumed for purposes of the motion to dismiss. The City of Clearwater pursuant to Chapter 180, *Florida Statutes*, operates public utilities and charges security deposits to new customers to ensure the payment of utility fees in addition to a nonrefundable service charge of fifteen (15) dollars.

To determine the amount of the security deposit for water service, the City uses the method set forth in Section 50.05 of the Municipal Code of the City of Clearwater (*Clearwater Code of Ordinances*) which provides that each meter service shall be secured by a minimum deposit equal to three times the amount of the average monthly bill for services to the property or a payment of a flat fee of thirty (30) dollars, whichever is greater.

Furthermore, the City also places the security deposits into interest-bearing accounts and takes as its own the interest accruing on the security deposits of its customers for water service.

Plaintiff made an application to Defendant for water service in July of 1990 and was informed that he would have to pay a fifteen (15) dollar nonrefundable service charge and a three hundred and thirty (330) dollar security deposit pursuant to *Clearwater Code of Ordinances* to have his service turned on. Plaintiff's required deposit was determined by multiplying the average monthly bill for all utility services at the existing address. Plaintiff paid the deposit under protest as it was essential to have water service to his home.

The complaint in this case was filed August 24, 1990, and contains an action for relief against Defendant under provisions of the United States Constitution as well as the Florida Constitution. The complaint also includes an action for relief from Defendant's method of calculating deposits which is allegedly unreasonable, unjust and inequitable, in violation of § 180.13, *Florida Statutes.*

The action was brought as a class action, on Plaintiff's own behalf and on behalf of all others similarly situated under the provisions of Rule 23(b)(1), 23(b)(2), and/or 23(b)(3) of the *Federal Rules of Civil Procedure.* Plaintiff asserts in his complaint which consists of four counts that each count is a class action on behalf of "present, past and future applicants for utilities service who have paid or will pay a deposit to guarantee the payment of their account." In Counts I, II, and III, the City of Clearwater is the defendant; in Count IV, the City of Clearwater is the proposed representative of a class of defendants.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Furthermore, a trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947).

The Court, upon due consideration of the motion, the brief in support of the motion, the response, and cases related thereto, finds that this issue should be resolved in favor of the non-moving parties, Plaintiff.

### Johnson Act

■ Defendant argues in its motion to dismiss that 28 U.S.C. Section 1342, otherwise known as the "Johnson Act", precludes this court from exercising its jurisdiction. The Court is not persuaded by Defendant's argument. Although the Johnson Act has been interpreted to bar federal courts from exercising jurisdiction in numerous utility rate cases, the Johnson Act does not prevent this court from exercising its jurisdiction over this action involving a public utility.

Plaintiff in this action does not challenge in any way the utility rates charged by Defendant. *Carlin Communication, Inc. v. Southern Bell Tel. & Tel. Co.,* 802 F.2d 1352 (11th Cir.1986). Plaintiff is challenging the method Defendant uses to calculate deposits on grounds of equal protection and the practice of retaining interest on such deposits. Security deposits do not appear to be an integral part, or in fact any part, of the rate structure. The amount of the security deposit does not have any effect on the rate charged to the utility customer.

Additionally, the relief that Plaintiff seeks, if granted, would not in any way affect the rates established by Defendant. Therefore, the Johnson Act does not apply to Counts I, II, III or IV as the setting and

assessing of security deposits is not an order affecting rates contemplated under the Act.

Plaintiff has made a painstaking effort to analyze this action under the Johnson Act. However this analysis is inapposite as the Johnson Act does not apply because the order does not affect rates chargeable by a public utility.

### Substantial Federal Question

■■■■ Defendant further argues that the complaint fails to assert a substantial federal question by alleging state law claims in the language of federal Constitutional issues "for the purpose of engaging the heavy duty machinery of the Federal courts and the class action provisions of Rule 23, Federal Rules of Civil Procedure".

Plaintiff correctly argues in response to Defendant's claim that "where an action is brought under 28 U.S.C. 1331, jurisdiction is sufficiently established by allegation of a claim under the Constitution, unless it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction." *Mt. Healthy City School District v. Doyle,* 429 U.S. 274, 279, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977) (citing *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)). It is not apparent in the present action, which has been brought under 28 U.S.C. § 1331, that an allegation of a claim under the Constitution has been raised solely for the purpose of obtaining federal jurisdiction. Therefore, the Court will retain jurisdiction over this matter since a claim under the Constitution has been raised.

### Protected Property Interest

■■■■ Defendant asserts that Plaintiff has not alleged a protected property interest. Defendant is correct when it states that property interests are not created by the Constitution; property interests are created by understandings or existing rules arising from independent sources such as state law. *Spence v. Zimmerman,* 873 F.2d 256 (11th Cir.1989).

■■■■ After consideration of the motion, the brief in support of the motion, the response, and cases related thereto, the Court finds that this issue should be resolved in favor of Plaintiff. This Court cannot say that as a matter of law, Plaintiff has not identified a protected property interests. Nor can it be said, as a matter of law, that Plaintiff cannot prove a set of facts that would entitle him to relief. A question of fact must be resolved as to whether or not a property interest exists which is necessary to a taking claim or a due process claim under the Constitution. This is a matter reserved for trial.

### Similarly Situated Persons

Moreover, Defendant argues that Plaintiff has failed to allege the disparate treatment of similarly situated persons, "and has not otherwise stated a substantial federal question." Therefore, Defendant argues, this court lacks jurisdiction. Whether applicants at new addresses and applicants at old addresses are similarly situated is also a question of fact to be determined by the finder of fact at trial.

### Premature Action

■■■■ Defendant argues that the complaint is premature because the City's administrative decision is not final as Plaintiff failed to allege that he availed himself to, exhausted, or was denied, the appeal procedures of the City. When a city's administrative action is not final, a claim is premature. Plaintiff correctly points out that the appeal to the City Manager provided by Section 50.12, *Clearwater Code of Ordinances,* only authorizes an appeal to a notice of termination of service under 50.06, *Clearwater Code of Ordinances.* Plaintiff in this case paid his deposit pursuant to Section 50.05, *Clearwater Code of Ordinances* which does not contain a provision for an appeal to address a dispute over payment of, or the amount of a deposit.

Defendant maintains that Plaintiff did not apply for and was not denied relief under a custom or practice of the city which has been in effect for many years to reduce a deposit after six months if the new customer's consumption is less than

the average consumption of the previous customer at the existing address. The remedy that Defendant identifies as available to Plaintiff is one of custom or practice and is not an existing appeal procedure which can be found in any section of the *Clearwater Code of Ordinances.*

Simply stated, there is no obligation to exhaust nonexistent remedies. Therefore, it cannot be said that Plaintiff has failed to exhaust his administrative relief available to him under the *Clearwater Code of Ordinances* as administrative relief in this case does not exist. Accordingly, it is

ORDERED that the motion to dismiss be denied.

DONE and ORDERED.